| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF NEW YORK |
| Case number *(if known)*  20 - _____  Chapter 15 |

☐ Check if this an amended filing

Official Form 401
# Chapter 15 Petition for Recognition of a Foreign Proceeding      12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| | | |
|---|---|---|
| 1. | Debtor's name | **VB INVESTCO PTY LTD** |
| 2. | Debtor's unique identifier | **For non-individual debtors:**<br>☐ Federal Employer Identification Number ____<br>☑ Other **101 961 095**. Describe identifier **ACN**.<br>**For individual debtors**<br>☐ Social Security Number: ____<br>☐ Individual Taxpayer Identification Number (ITIN): ____<br>☐ Other ____. Describe identifier ____. |
| 3. | Name of foreign representative(s) | **Vaughan Strawbridge, Richard Hughes, John Greig and Salvatore Algeri** |
| 4. | Foreign proceeding in which appointment of the foreign representative(s) occurred | **Voluntary administration commenced by appointment of administrators by liquidator with leave of Federal Court of Australia** |
| 5. | Nature of the foreign proceeding | *Check one:*<br>☑ Foreign main proceeding<br>☐ Foreign nonmain proceeding<br>☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding |
| 6. | Evidence of the foreign proceeding | ☐ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.<br>☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.<br>☑ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.<br>**Court Order and ASIC extract evidencing appointment of administrators** |
| 7. | Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)? | ☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending).<br>☑ Yes |

| | | | |
|---|---|---|---|
| 8. | **Others entitled to notice** | Attach a list containing the names and addresses of: | |
| | | (i) all persons or bodies authorized to administer foreign proceedings of the debtor, | |
| | | (ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and | |
| | | (iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code. | |

| | | | |
|---|---|---|---|
| 9. | **Addresses** | **Country where the debtor has the center of its main interests:** | **Debtor's registered office:** |
| | | Australia | VB Investco Pty Ltd |
| | | | 56 Edmondstone Road Bowen Hills, Brisbane, Queensland, 4006, Australia Telephone: +61 7 3295 3000, Facsimile: +61 7 3295 3163 |
| | | | P.O. Box, Number, Street, City, State/Province/Region & ZIP/Postal Code |
| | | | Australia |
| | | | Country |
| | | **Individual debtor's habitual residence:** | **Address of foreign representative(s):** |
| | | | Deloitte Brisbane, Riverside Centre, 123 Eagle St, Brisbane City QLD 4000 |
| | | P.O. Box, Number, Street, City, State/Province/Region & ZIP/Postal Code | P.O. Box, Number, Street, City, State/Province/Region & ZIP/Postal Code |
| | | | Australia |
| | | Country | Country |

| | | |
|---|---|---|
| 10. | **Debtor's website** (URL) | https://www2.deloitte.com/au/virgin |

| | | |
|---|---|---|
| 11. | **Type of debtor** | *Check one:* |
| | | ☑ Non-individual (*check one*): |
| | | ☑ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1. |
| | | ☐ Partnership |
| | | ☐ Other. Specify: _____ |
| | | ☐ Individual |

| | | |
|---|---|---|
| 12. | **Why is the venue proper in *this district*?** | *Check one:* |

☐ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district.

_____

☑ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

**The Foreign Debtors are liable on a contingent basis for amounts owed under debt instruments which are governed by New York state law.**

---

**13. Signature of foreign representative(s)**

I request relief in accordance with the chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct,

**X    /s/ Richard Hughes**          **Richard Hughes**
Signature of foreign representative          Printed name

Executed on   **8/13/2020**
                MM / DD / YYYY

**X** _____          _____
Signature of foreign representative          Printed name

Executed on   _____
                MM / DD / YYYY

---

**14. Signature of attorney**

**X    /s/ Abid Qureshi**          Date **8/13/2020**
Signature of Attorney for foreign representative          MM / DD / YYYY

**Abid Qureshi**
Printed name

**Akin Gump Strauss Hauer & Feld LLP**
Firm name

**One Bryant Park**
**44th Floor**
**New York, NY 10036-6745**
Number, Street, City, State & ZIP Code

**212-872-1000**          **aqureshi@akingump.com**
Contact phone          Email address

**2684637 NY**
Bar number and State

---

Official Form 401          **Chapter 15 Petition for Recognition of a Foreign Proceeding**          page 3

# **EXHIBIT A**

**Court Order Evidencing Appointment**



Federal Court of Australia

District Registry: New South Wales

Division: General                                                                                    No: NSD818/2020

**IN THE MATTER OF VAH NEWCO NO. 2 PTY LTD (IN LIQUIDATION) ACN 160 881 354 AND VB INVESTCO PTY LTD (IN LIQUIDATION) ACN 101 961 095**

**RICHARD HUGHES IN HIS CAPACITY AS LIQUIDATOR OF EACH OF VAH NEWCO NO. 2 PTY LTD (IN LIQUIDATION) AND VB INVESTCO PTY LTD (IN LIQUIDATION)** and others named in the schedule
Plaintiff

**ORDER**

| | |
|---|---|
| **JUDGE:** | JUSTICE MIDDLETON |
| **DATE OF ORDER:** | 30 July 2020 |
| **WHERE MADE:** | Melbourne |

**THE COURT ORDERS THAT:**

1. The Originating Process filed 27 July 2020 be made returnable at 10.15 am on 30 July 2020.

2. Pursuant to sections 436B(2)(g) and 448C(1) of the *Corporations Act 2001* (Cth) (**Corporations Act**), leave be granted for Richard John Hughes, Salvatore Algeri, Vaughan Neil Strawbridge and John Lethbridge Greig to be appointed jointly and severally as administrators (**Administrators**) of each of VAH Newco No. 2 Pty Ltd (in liquidation) (**VAH Newco 2**) and VB Investco Pty Ltd (in liquidation) (**VB Investco**) (together, the **Companies**).

3. Pursuant to section 447A(1) of the Corporations Act, Part 5.3A of the Corporations Act is to operate in relation to each of the Companies as if:

    (a) section 436E of the Corporations Act does not apply to the administrations of the Companies, such that there is no requirement that a first meeting of creditors in the administrations of each of the Companies be convened or held;

    (b) section 438B(2) of the Corporations Act does not apply to the administrations of the Companies; and

(c) the Administrators may convene and hold the meetings required pursuant to section 439A of the Corporations Act at any time during the convening period (as defined by the Corporations Act), provided that notice of such meetings is provided in accordance with section 75-225 of the *Insolvency Practice Rules (Corporations)* (**IPR**) and the *Corporations (Coronavirus Economic Response) Determination (No. 1) 2020* (Cth).

4. Pursuant to section 447A(1) of the Corporations Act and section 90-15 of the Insolvency Practice Schedule (Corporations), being Schedule 2 to the Corporations Act (**IPSC**), if, pursuant to any provision in any of Part 5.3A of the Corporations Act, the *Corporations Regulations 2001* (Cth), the IPSC, or the IPR, the Administrators are required to provide any other notification to creditors during the administrations of the Companies, the applicable notice requirements will be satisfied by the Administrators taking the following steps:

(a) where the creditor:

   (i) is a registered user on the Halo Platform, by publishing a notice via the Halo Platform;

   (ii) is not a registered user on the Halo Platform but the Administrators have an email address for a creditor, by notifying each such creditor of the relevant matter via email;

   (iii) is not a registered user on the Halo Platform and the Administrators do not have an email address for a creditor but have a postal address for that creditor (or have received notification of non-delivery of a notice sent by email in accordance with (a)(ii) above), by notifying each such creditor in writing of the relevant matter via post;

   (iv) is not a registered user on the Halo Platform and the Administrators do not have an email address for a creditor but have an email address for a trustee, custodian or other agent who represents or may act on behalf of that creditor, by notifying each such trustee, custodian or other agent via email;

(b) by publishing notice of the relevant matter on the website maintained by the Administrators at https://www2.deloitte.com/au/en/pages/finance/articles/virginaustralia-holdings-limited-subsidiaries.html; and

    (c)    to the extent the matter relates to a meeting that is the subject of section 75-40(4) of the IPR, by causing notice of the meeting to be published on the ASIC published notices website at https://insolvencynotices.asic.gov.au/.

5. Pursuant to section 90-15(1) of the IPSC, the Administrators are justified in not requiring or receiving a "Report as to Affairs" (**RATA**) or "Report on Company Activities and Property" (**ROCAP**) from any of the directors (or former directors) of the Companies.

6. Pursuant to section 482(1) of the Corporations Act, until further order, the winding up of each of the Companies be stayed.

7. The First Plaintiff must take all reasonable steps to cause notice of these orders to be given, within one (1) business day of the making of these orders, to:

    (a)    the creditors (including persons or entities claiming to be creditors) of each of the Companies, in the following manner:

        (i)    where the creditor is a registered user on the Halo Platform, by publishing a notice via the Halo Platform,

        (ii)    where the creditor is not a registered user on the Halo Platform but the Administrators have an email address for a creditor, by notifying each such creditor, via email, of the making of the orders and providing a link to a website where the Creditor may download the orders and the Originating Process;

        (iii)    where the creditor is not a registered user on the Halo Platform and the Administrators do not have an email address for a creditor but have a postal address for that creditor (or have received notification of non-delivery of a notice sent by email in accordance with (a)(ii) above), by notifying each such creditor via post, of the making of the orders and providing a link to a website where the Creditor may download the orders and the Originating Process;

        (iv)    where a creditor is not a registered user on the Halo Platform and the Administrators do not have an email address for a creditor but have an email address for a trustee, custodian or other agent who represents or may act on behalf of that creditor, by notifying each such trustee, custodian or other agent via email, of the making of the orders and providing a link to a website where the trustee, custodian, other agent or Creditor may download the orders and the Originating Process;

      (v)    by placing scanned, sealed copies of the Originating Process on the website maintained by the Administrators at https://www2.deloitte.com/au/en/pages/finance/articles/virginaustralia-holdings-limited-subsidiaries.html; and

  (b)    the Australian Securities and Investments Commission.

8. Any person who can demonstrate a sufficient interest has liberty to apply to vary or discharge any of orders 2 to 6 above, on one (1) business day's written notice being given to the Plaintiffs and to the Associate to Justice Middleton.

9. The Plaintiffs have liberty to apply on one (1) business day's written notice to the Court in relation to any variation or discharge of the Court's orders or any other matter generally arising in the administrations of either or both of the Companies.

10. The Plaintiffs' costs of the application be treated as costs in the liquidations, or otherwise in the external administrations, of each of the Companies, jointly and severally.

11. These orders be entered forthwith.

Date that entry is stamped: 30 July 2020

*Sia Lagos*
Registrar



**Schedule**

No: NSD818/2020

Federal Court of Australia

District Registry: New South Wales

Division: General

| | |
|---|---|
| Second Plaintiff | VAH NEWCO NO.2 PTY LTD (IN LIQUIDATION) ACN 160 881 354 |
| Third Plaintiff | VB INVESTCO PTY LTD (IN LIQUIDATION) ACN 101 961 095 |
| Fourth Plaintiff | SALVATORE ALGERI, VAUGHAN NEIL STRAWBRIDGE AND JOHN LETHBRIDGE GREIG |

# **EXHIBIT B**

**ASIC Extracts Evidencing Appointment**

Australian Securities & Investments Commission

Electronic Lodgement

Document No. **7EAZ16096**

Lodgement date/time: 03-08-2020 17:49:06
Reference Id: 142794826

**Form 505**
Corporations Act 2001
**415**(1), **427**(2), **427**(4), **450A**(1)(a),
**499**(2C)(a) & (b), **537**(1) & (2),
Insolvency Practice Rules (Corporations) 2016
**s70-60**(2)

# External Administration or Controllership Appointment of an administrator or controller

## Liquidator details

Registered liquidator number

**326810**

Registered liquidator name

**RICHARD JOHN HUGHES**

## Company details

Company name

**VB INVESTCO PTY LTD**

ACN

**101 961 095**

Company industry type

**Transport, Postal and Warehousing**

## Add a new appointment

Appointee details

Liquidator No.   **326810**

Person Name

**RICHARD JOHN HUGHES**

Address

**DELOITTE TOUCHE TOHMATSU, 'RIVERSIDE CENTRE' LEVEL 23 123 EAGLE STREET BRISBANE QLD 4000 Australia**

Type of Appointment   **Appointed Jointly and Severally**

| | | |
|---|---|---|
| Appointee details | Liquidator No. | **55418** |
| | Person Name | |
| | | **JOHN LETHBRIDGE GREIG** |
| | Address | |
| | | **DELOITTE TOUCHE TOHMATSU, 'RIVERSIDE CENTRE' LEVEL 23 123 EAGLE STREET BRISBANE QLD 4000 Australia** |
| | Type of Appointment | **Appointed Jointly and Severally** |
| Appointee details | Liquidator No. | **224498** |
| | Person Name | |
| | | **SALVATORE ALGERI** |
| | Address | |
| | | **DELOITTE TOUCHE TOHMATSU, 'DELOITTE TOUCHE TOHMATSU DELOITTE TOUCHE TO' LEVEL 23 477 COLLINS STREET MELBOURNE VIC 3000 Australia** |
| | Type of Appointment | **Appointed Jointly and Severally** |
| Appointee details | Liquidator No. | **322301** |
| | Person Name | |
| | | **VAUGHAN NEIL STRAWBRIDGE** |
| | Address | |
| | | **C/- DELOITTE TOUCHE TOHMATSU, 'GROSVENOR PLACE' LEVEL 2 225 GEORGE STREET SYDNEY NSW 2000 Australia** |
| | Type of Appointment | **Appointed Jointly and Severally** |

## Appointment Details

Provide the date of appointment.
**03-08-2020**

Type of administrator
**Administrator**

Method of appointment
**appointment by liquidator or provisional liquidator**

## Authentication

This form has been authenticated by
Name            RICHARD JOHN HUGHES
This form has been submitted by
Name            Richard John HUGHES
Date            03-08-2020

## Payment

You need to pay the fee (and any late fees if required) by Bpay or cheque in accordance with the instructions on your invoice

**For more help or information**
Web                     www.asic.gov.au
Ask a question?         www.asic.gov.au/question
Telephone               1300 300 630

## EXHIBIT C

**Consolidated Statement Pursuant to Bankruptcy Rule 1007(a)(4) and
Bankruptcy Code Section 1515(D)**

**CONSOLIDATED STATEMENT PURSUANT TO BANKRUPTCY
RULE 1007(A)(4) AND BANKRUPTCY CODE SECTION 1515(D)**

**I.    Corporate Ownership Statement (Fed. R. Bankr. P. 7007.1)**

1.    To the best of the Foreign Representatives'[1] knowledge and belief, as of the Petition Date[2], the following corporations directly or indirectly own 10% or more of the equity interests in Virgin Australia Holdings Ltd. (ACN 100 686 226) ("Holdings"):

(a) EAG Investment Holding Company Limited - approximately 20.97%;
(b) Singapore Airlines LTD - approximately 20.03%;
(c) Nanshan Capital Holdings LTD – approximately 20.01%;
(d) HNA Innovation Ventures (Hong Kong) Co Limited – approximately 19.86%; and
(e) Corvina Holdings Limited – approximately 10.02%.

2.    Holdings owns 100% of the of the equity interests in Virgin Australia Airline Holdings Pty Ltd (ACN 093 924 675).

3.    Virgin Australia Airline Holdings Pty Ltd (ACN 093 924 675) owns 100% of the equity interests in:

(a) VAH Newco No. 2 Pty Ltd (160 881 354); and
(b) VB Investco Pty Ltd. (101 961 095).

4.    Attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests of the Additional Foreign Debtors, the Foreign Debtors and their non-Debtor affiliates as of the Petition Date. None of the Additional Foreign Debtors directly or indirectly owns 10% or more of any class of equity of a corporation whose securities are publicly traded.

---

[1] Capitalized terms that are not defined herein have the meaning ascribed in the *Supplemental Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representatives, and (III) Related Relief under Chapter 15 of the Bankruptcy Code* filed concurrently herewith.

[2] As used herein, the term "Petition Date" refers to August 13, 2020, the date on which the Additional Foreign Debtors filed chapter 15 petitions.

4

II.    **Persons or Bodies Authorized to Administer Foreign Proceedings of the Foreign Debtor (Fed. R. Bankr. P. 7007.1).**

5.    As of the Petition Date, the Foreign Representative are authorized to administer a "foreign proceeding" of the Additional Foreign Debtors. The service address for the Foreign Debtor is Deloitte Brisbane, Riverside Centre, 123 Eagle St, Brisbane QLD 4000, Australia.

III.    **Pending Litigation (Fed. R. Bankr. P. 7007.1).**

6.    The Foreign Representatives are not aware of any litigation involving the Additional Foreign Debtors currently pending in the United States.

IV.    **Provisional Relief (Fed. R. Bankr. P. 7007.1).**

7.    As of the Petition Date, the Additional Foreign Debtors are not seeking any provisional relief.

V.    **Additional Foreign Proceedings (Bankruptcy Code § 1515(d).**

8.    As of the Petition Date, the Additional Foreign Debtors are not involved in any foreign proceedings other than the Additional Australian Proceedings.

# EXHIBIT A
**Organization Chart**

# Virgin Group Corporate Structure



© 2020 Deloitte Financial Advisory Pty Ltd